**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOHNNIE EARL WHEELER, #32067**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:13CV297-LRA**

**LORI DOSS, ET AL**                                    **DEFENDANTS**

### Memorandum Opinion and Order

This cause is before the Court on Defendant Dr. Kyle Bateman's Motion to Dismiss [26] filed on February 14, 2014. The remaining Defendants have also filed a Motion for Summary Judgment [38], but that motion will be considered in a separate Opinion. Because the Court has considered the omnibus testimony of Wheeler, the Court shall consider the Motion to Dismiss under the standards used for summary judgment motions. The Court has also considered Plaintiff Johnnie Earl Wheeler's claims under 28 U.S.C. § 1915(e)(2), utilizing his sworn testimony at the April 16, 2014, omnibus hearing conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

**I.      Facts**

Plaintiff Johnnie Earl Wheeler was incarcerated in the Lincoln County Jail ("LCJ") from December 1, 2011, through May 10, 2012, and then again from June 4, 2012, through January 31, 2013. Wheeler asserts that he was not provided appropriate medical care for his Type II diabetes. He acknowledges that he was provided some medical care by Defendant Nurse Doss but contends the care was not adequate. He complains that Defendant Dr. Bateman *should* have treated him but did not. Nurse Doss, a Licensed Practical Nurse at LCJ, provided Wheeler's medical care, but she

worked under the supervision of Dr. Bateman, a local physician.  Wheeler's initial

Complaint did not name Dr. Bateman as a defendant.  He was allowed to amend to sue

Dr. Bateman on his pleading filed August 27, 2013 [13].  In this pleading, Wheeler

makes these allegations against Dr. Bateman:

> On December 10, 2012, my sugar level was 257 almost double what it should be so on December 14, 2012, I wrote another medical form to Mrs. Lori Doss.  My sugar level was 333; this was 12-19-2012.  Plaintiff had been sick since 12-9-2012.  I was having headaches, cold chills, vomiting and poor vision problems.

> Mrs. Doss informed me that she had to speak to doctor Bateman to go to the doctor;

> Mrs. Doss said that all medical forms went to Dr. Bateman, but he was on vacation out of the country and wouldn't be back in about a month.  Because my sugar level was 333, Mrs. Doss gave me a shot to bring my sugar down.  Dr. Kyle Bateman never checked me or talked to me.  Then in December 2012, he changed my diet from a 2200 calorie diet to an 1800 calorie diet.  From June 2012 until January 31, 2013, I have not had one: A1C diabetic check.

[13, pp. 3-4].

At the omnibus hearing, Wheeler explained his claims against Dr. Bateman as

follows:

> I had explained this to Ms. Doss.  I explained it to the sheriff, and I explained— I didn't get a chance to explain it to Mr. Bateman because I had never seen Mr. Bateman.  Mr. Bateman never worked on me or talked to me or discussed anything with me concerning my diabetes.  I never got A1C or anything from Dr. Bateman.  So I really didn't know him and didn't know how to get in touch with him.  But I was informed that all of my medical forms was going to Dr. Bateman, but I never got an answer from that.  ...

> [Doss] was a part-time nurse.... And everything submitted to her went to Dr. Bateman.  But like I said, I never knew Dr. Bateman at all.  So I can't really say anything personal other than he didn't check me or he didn't have me to go through certain tests at the hospital or so forth with

these diabetes because I was in bad shape.  And I knew that he should have known because I had went to the hospital.

[38-2, pp. 10-11].

Plaintiff testified that he had had no direct contact with Dr. Bateman of any kind and was never treated by him.  However, he charges that Dr. Bateman was over the jail and he was told that Dr. Bateman reviewed his records.  According to Wheeler, Dr. Bateman *should have* treated him.

Liberally construed, the Court will interpret the Complaint as setting forth a claim that Dr. Bateman's actions or inactions violated Plaintiff's constitutional rights under 42 U.S.C. § 1983.

## II.   Constitutional Claims

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  However, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).   The undersigned finds no "exceptional circumstances" which would promote this medical neglect claim to a constitutional claim.  Apparently Wheeler was prescribed Metformin, a drug used to control Type II diabetes.  On several occasions, his blood sugar rose, and he was taken to the hospital and treated.  On one occasion, Dr. Bateman directed Nurse Doss to give Wheeler an

3

injection of 10 units of insulin to counter his high sugar level; Wheeler refused to take the medication.

Dissatisfaction with the treatment provided by Dr. Bateman simply does not rise to the level of a constitutional violation against Dr. Bateman.  Plaintiff's own testimony confirms that his claims against Dr. Bateman are based on his view that Dr. Bateman *should* have treated him in a different manner— he was **negligent.**  42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), *Mendoza,* 989 F.2d at 193.  Wheeler testified that he was treated for his diabetes both with medications prescribed at the jail and by being treated at the hospital on at least two occasions.  Wheeler's  own sworn testimony negates any claims of "deliberate indifference" on the part of Dr. Bateman to Wheeler's serious medical needs.

All of Wheeler's claims against Dr. Bateman are claims of medical malpractice and are based upon theories of **medical neglect**: the failure to treat him or to give him proper medications so as to keep his diabetes controlled.  Plaintiff was obviously not satisfied with his medical care during his incarceration.  That is unfortunate, but his displeasure is not indicative of unreasonable care or of a "deliberate indifference" to a serious medical need.  He has not set forth an arguable constitutional claim in his complaints regarding Dr. Bateman.  A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not

implicate the Eighth Amendment. *Wright v. Collins,* 766 F.2d 841, 849 (4ᵗʰ Cir. 1985). Plaintiff's self-diagnosis of what medications or treatments he believed he needed states nothing more than a disagreement with the medical staff's decisions. Wheeler's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat.

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5ᵗʰ Cir. 1995). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer,* 528 F.2d 318 (4ᵗʰ Cir. 1975).

Wheeler was granted *in forma pauperis* [IFP] status by Order entered July 9, 2013 [7]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5ᵗʰ Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). This Court conducted the *Spears* hearing in order to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). This Court concludes that Wheeler's claims against Dr. Bateman are legally frivolous, lacking an arguable basis either in law or in fact.

**III.    State Law Claims**

Dr. Bateman requests to be dismissed from this case on the basis of Miss. Code. Ann. §15-1-36 (1972) (as amended).   This Mississippi law concerns healthcare providers and requires submission of a Notice of Intent to Sue at least 60 days prior to filing suit when the substantive claims asserted are for professional negligence and medical malpractice.   At the omnibus hearing, Plaintiff conceded that he had not filed a Notice of Intent to Sue in this case.   Accordingly, any state law claims based upon medical negligence or malpractice against Dr. Bateman are barred on this basis.   *See Robinson v. Saucier,* Cause No. 1:10cv556-HSO-JMR, 2013 WL 2634577 at *4 (S. D. Miss., June 11, 2013).

**IV.    Conclusion**

IT IS THEREFORE ORDERED that the Motion to Dismiss [26] is granted, but for the reasons set forth herein, and the Complaint is hereby dismissed with prejudice as to Defendant Dr. Bateman.   Final Judgment will be entered in his favor at the conclusion of this case.

SO ORDERED, this the 22nd day of September 2014.


                                    S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE