IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNIE EARL WHEELER, #32067**                             **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:13CV297-LRA**

**LORI DOSS, ET AL.**                                        **DEFENDANTS**

## Memorandum Opinion and Order

This cause is before the Court on the Motion for Summary Judgment filed by the remaining Defendants, Lori Doss and Sheriff Steve Rushing [38].

**I.  Facts**

The facts are set out in the Court's prior opinion [43] dismissing Defendant Bateman. To summarize, Plaintiff Johnnie Earl Wheeler was incarcerated in the Lincoln County Jail ("LCJ") from December 1, 2011, through May 10, 2012, and then again from June 4, 2012, through January 31, 2013. Wheeler asserts that he was not provided appropriate medical care for his Type II diabetes. He admits that he was provided some medical care by Defendant Nurse Doss, but contends the care was not adequate. Nurse Doss, a Licensed Practical Nurse at LCJ, provided Wheeler's medical care under the supervision of Dr. Bateman, a local physician.

Wheeler's initial Complaint did not name Nurse Doss or Sheriff Rushing as a defendant. By Order dated August 29, 2013 [14], he was allowed to amend to sue Nurse Doss and Sheriff Rushing by his pleading filed August 27, 2013 [13]. In this pleading, Wheeler makes these allegations against Nurse Doss and Sheriff Rushing:

> Prior to: May 9, 2012; I submitted a medical form to Mrs. Lori Doss, because my sugar had been going up and down. I was feeling bad. No response.

> On December 4, 2012 I wrote Mr. Steve Rushing about my medical, and diet situation, and receive no response.
>
> . . . .
>
> On, December 10, 2012, my sugar level was 287 almost double what it should be; so on, December 14, 2012, I wrote another medical form to Mrs. Lori Doss. My sugar level was: 333; this was; 12-19-212. Plaintiff had been sick since - 12-9-2012. I was having headaches cold chills, vomiting and poor vision problems.
>
> Mrs. Doss informed me that she had to speak to doctor Bateman to go to the doctor; Mrs. Doss said that all medical forms went to Dr. Bateman, but he was on vacation out of the country, and wouldn't [sic] be back in about a month.
>
> Because my sugar level was 333, Mrs. Doss gave me a shot to bring my sugar down.

[13] at 3-4.

At the omnibus hearing, Wheeler explained his claims against Nurse Doss and Sheriff Rushing as follows:

> Well, I was having problems with my diabetes, and I think it was November of 2012. And I didn't have my medical diet correct. I knew that I wasn't supposed to be eating the stuff I was eating, but I didn't have no choice because I was incarcerated in the jail.
>
> So I went to Ms. Doss as well as Mr. Welch, Mr. Rushing concerning that, my diet because I was going through problems. I was suffering with my diabetes in jail. So I think it was in -- I went -- had to be rushed to the hospital in November. I had to be rushed to the hospital in December, and I had to be rushed to the hospital in May. I was having diabetic attacks because I was eating improper food and given improper medications and so forth.
>
> I had explained this to Ms. Doss. I explained it to the sheriff . . . .

[38-2] at 9-10.

2

Plaintiff testified that he received his diabetes medication "most of the time" [38-2] at 21, but there were other medications and tests he did not receive that he should have been given. [38-2] at 14-15. Plaintiff also claimed that he did not receive the diabetic meals ordered for him. Plaintiff testified that although he received medical care during his incarceration, it basically was not "up to par." [38-2] at 22.

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III. Constitutional Claim

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The undersigned finds no "exceptional circumstances" which would promote this medical neglect claim to a constitutional claim.

According to the Affidavit of Nurse Doss, submitted in support of Defendants' motion, Wheeler was prescribed Metformin, a drug used to control Type II diabetes. [38-4]. He received this medication while incarcerated at LCJ. On several occasions, Plaintiff's blood sugar rose, and, at Nurse Doss's direction, he was taken to the hospital for treatment. [38-4]. On one occasion when Plaintiff's blood sugar rose, Dr. Bateman instructed Nurse Doss to give Wheeler an injection of 10 units of insulin to counter his high sugar level; Wheeler refused to allow Nurse Doss to administer the medication, ultimately agreeing to allow her to administer only half the dose. [38-4] at 3.

In support of their motion, Defendants also submitted the Affidavit of Kedria Yarborough. [38-6]. Yarborough, who was the Kitchen Supervisor at the LCJ during the relevant time period, avers that Plaintiff was provided a diabetic plate during his incarceration but that he was not pleased with the diet. Yarborough states that Plaintiff frequently attempted to obtain sweets not allowed on his diabetic diet. [38-6] at 3. At

the omnibus hearing, Plaintiff admitted to obtaining honey buns from the canteen during his incarceration. [38-2] at 24. In his response to Defendants' motion, Plaintiff addressed the Yarborough Affidavit by arguing that he did not receive a diet plate, but received the same food as the other inmates, just in smaller portions. [40]. This is consistent with Defendants' position that diabetics were provided smaller portions and no sweets. [38-6]. Plaintiff argues that he still received food like white rice, contrary to the recommendation of his doctor. [40]. Defendants assert that starches were served to all inmates, but were prepared differently for the diabetic inmates. [38-6]. Though the Court may not decide disputed issues of material fact on summary judgment, Plaintiff's assertion that he was not receiving a diabetic plate is simply unsubstantiated. *See Brown,* 337 F.3d at 541.

Dissatisfaction with the treatment provided by Defendants does not rise to the level of a constitutional violation. Plaintiff's own testimony confirms that his claims are based on his view that he *should* have been treated in a different manner. 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Wheeler testified that he was treated for his diabetes both with medications prescribed at the jail and by being treated at the hospital on at least two occasions. Wheeler's own sworn testimony negates any claims of "deliberate indifference" on the part of either remaining Defendant.

All of Wheeler's claims are claims of medical malpractice and are based upon theories of **medical neglect**: the failure to treat him properly so as to keep his diabetes controlled. Plaintiff was obviously not satisfied with his medical care during his incarceration. Again though, mere displeasure with the treatment provided does not equal unreasonable care or "deliberate indifference" to a serious medical need. Plaintiff has not set forth an arguable constitutional claim in his complaints regarding Nurse Doss or Sheriff Rushing. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's self-diagnosis of what medications or treatments he believed he needed states nothing more than a disagreement with the medical staff's decisions. Wheeler's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat.

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). As the *Mayweather* Court explained: "The treatment may not have been the best that money could buy, and occasionally, a dose of medication may have been forgotten, but these deficiencies were minimal, they do not show an unreasonable standard of care, and they fall far short of establishing deliberate indifference by the prison authorities." *Mayweather*, 958 F.2d at 91. "[T]he question whether . . . additional . . . treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. "[A] disagreement between an inmate and his physician concerning whether certain medical care was appropriate is

6

actionable under § 1983 only if there were exceptional circumstances." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Questions of medical judgment are not subject to judicial review.  *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

### III.     Conclusion

Since the Court concludes that Plaintiff has failed to establish a constitutional violation, the remainder of Defendants' arguments will not be addressed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [38] is hereby **GRANTED**.

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 29th day of December, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE